Cohen, J.
(concurring). I write separately to comment on our disposition of the juvenile’s cross appeal from the judge’s partial denial of the motion to suppress. I agree that under current law the police are not required to give a juvenile over the age of fourteen an unsolicited opportunity to confer in private with an interested adult before obtaining a waiver of the juvenile’s Miranda rights. However, I believe that the time has come to revisit this issue.
In Commonwealth v. Philip S., 414 Mass. 804, 811 n.5 (1993), the Supreme Judicial Court observed that “the better practice . . . with any juvenile is for the investigating officials explicitly to inform the juvenile’s parent, or other interested adult, that an opportunity is being furnished for the two to confer about the juvenile’s rights” (emphasis added). The court further observed that “[a] private consultation . . . clearly is the most conducive means to [an] unconstrained and thorough discussion between the *295 adult and child.” Id. at 812. In light of what we have learned and continue to learn about the developmental immaturity that persists throughout the teenage years, cf. Roper v. Simmons, 543 U.S. 551, 569-574 (2005), quoting from Johnson v. Texas, 509 U.S. 350, 367 (1993) (recognizing that juveniles older than sixteen remain prone to “ill-considered actions and decisions”), fresh consideration should be given to requiring that the “better practice” and “most conducive means” identified in Philip S., supra, be followed in all juvenile cases.